IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00163-FDW-DCK

| | |
|---|---|
| AL SMILE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| LOEBSACK & BROWNLEE, PLLC, | ) |
| CHRISTOPHER LOEBSACK, | ) |
| CAUDLE & SPEARS, P.A., | ) |
| CORY BUSKER, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

THIS MATTER is before the Court *sua sponte* following Plaintiff's filing of an Amended Complaint. (Doc. No. 7). For the reasons stated below, the Court hereby DISMISSES Plaintiff's Amended Complaint in its entirety.

## I. Background

Plaintiff filed his original Complaint, (Doc. No. 1), on April 3, 2019, and made a motion to proceed *in forma pauperis*. On April 25, 2019, this Court granted Plaintiff's motion to proceed *in forma pauperis*, and conducted a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). (Doc. No. 6, p. 3). After noting that Plaintiff's Complaint was "severely deficient" for numerous reasons, the Court dismissed the Complaint as frivolous and ordered Plaintiff to file an amended complaint that addressed the deficiencies noted by the Court.[1] Id. at 9. The Court further warned

---

[1] Plaintiff presently has four cases pending before this Court: 3:19-cv-161, 3:19-cv-162, 3:19-cv-163, and 3:19-cv-164 that all contain similar allegations against a variety of individuals and corporate entities. Upon conducting a frivolity review in each of these cases, the Court dismissed them as frivolous with instructions to file an amended complaint. Plaintiff has now filed an amended complaint in each of these separate matters.

Plaintiff that if he failed to correct the problems with his action, then the action "will be dismissed and closed without further notice to Plaintiff." Id.

## II. Legal Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). If the Court determines at any time that Plaintiff's action is frivolous or fails to state a claim, then the Court must dismiss the case. 28 U.S.C. § 1915(e)(2).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Furthermore, the Fourth Circuit has previously

held that when reviewing *pro se* complaints, courts are permitted to "apply common sense" and "reject the fantastic." Nasim v. Warden, Md. House of Corrections, 64 F.3d 951, 954 (4th Cir. 1995).

### III. Analysis

Plaintiff's Amended Complaint is almost identical to his original Complaint and as such, is still largely nonsensical. For example, as the factual basis for his claim, Plaintiff's Amended Complaint alleges, *verbatim*:

> Lawyer (C. Loebsack) turned out to be, Egocentric, Narcassistic [sic] & Unethical. He Weaponized Both Law firms against us, simutanieously [sic] & strategicly [sic]! He did this in a well thought out methodical manner! He almost succeeded! I got lucky on a payment issue, & ended up impeaching the Parties! Judge Immediately Ruled in our favor! We prevailed (July 2nd)! I wasn't aware at this time of the coordinated collaboration yet! Judge's ruling infuriated them! My Son's Mom & the Apt Complex Mgr acted on their own without coordination in a Mad Panic! A Manic type of manner, sequentially! This is what finally allowed me to discover what I did! They were all in on the last 6 months of pain and misery bestowed upon me! That's when main partner received a call from my Son's Mom/NJ Atty's. Once the manipulation master (Son's Mom) talked to him, stroked his ego as she does so well, he now had a mission to devastate & destroy! Took over personally to show them how to take care of this! As he kept tripping up, it didn't work out like he'd planned, it was now personal! He's made 11 Appearances?!

(Doc. No. 7, p. 5). This claim, and others like it,[2] in the Amended Complaint are largely *identical* to Plaintiff's claims found in his original Complaint, (Doc. No. 1), which the Court previously screened and dismissed as frivolous. (See Doc. No. 6, p. 7).

The only material difference between Plaintiff's Amended Complaint and the previous frivolous filings is that Plaintiff now attaches three exhibits to his Amended Complaint: 1) a "reference article" that appears to be about Plaintiff's previous business ventures, 2) an indecipherable photograph with the word "magic" written under it, and 3) a business card which

---

[2] Plaintiff also requests this Court issue an injunction in his favor because "My Son's Mom" threatened she "would ultimately destoy [sic] me" and because of her "unlimited financial resources it's literally like giving 'North Korea', 'Nuclear Weapons'!" (Doc. No. 7, p. 5).

advertises "luxury real estate rentals" with Plaintiff's email address on it. (See Doc. No. 7, p. 7–9). Presumably, these materials are offered to lend credence to Plaintiff's alleged prior success as a businessman. See id. at 5 ("I was a Millionaire when this began, worked over 20 years, did it the right way!"). However, these materials do nothing to address the Complaint's numerous deficiencies, which the Court has already addressed in its earlier order dismissing the case. The Court finds that, as a whole, Plaintiff's Amended Complaint, (Doc. No. 7), still does not meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotations and citations omitted).

## Conclusion

For these reasons, and for the reasons previously stated in the Court's earlier order, (Doc. No. 6), the Court DISMISSES Plaintiff's Amended Complaint, (Doc. No. 7), without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). **The Court once again reiterates to Plaintiff that repeated duplicative and frivolous filings could result in the Court ordering sanctions against him or issuing a pre-filing injunction limiting his access to the Courts.** The Clerk of Court is respectfully directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Signed: May 30, 2019

Frank D. Whitney
Chief United States District Judge